The Toledo, St. Louis and Kansas City Railroad Company

*v.*

Steven A. Clark.

*Filed at Springfield October 27, 1893.*

1. Appeals—*reviewing the facts—question of negligence.* In an action to recover for a personal injury, the question of negligence of the defendant, and also that of the plaintiff, are questions of fact, and the judgment of the Appellate Court affirming that of the trial court is conclusive upon this court on appeal or error.

2. Practice in Supreme Court — *abandonment of error assigned.* Where no complaint is made as to any of the rulings of the trial court, nor of any of the instructions given or refused, it will be presumed that no errors, based upon such rulings, are insisted on in this court.

APPEAL from the Appellate Court for the Third District;—
heard in that court on appeal from the Circuit Court of Coles
county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Mr. S. O. BAYLESS, Mr. W. A. MILLS, and Mr. CLARENCE
BROWN, for the appellant.

Messrs. HUGHES & HAYES, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by Steven A. Clark
against the Toledo, St. Louis and Kansas City Railroad Com-
pany, to recover damages for a personal injury, resulting in
the loss of the plaintiff's right foot. In the Circuit Court the
plaintiff recovered a judgment for $1000 and costs, and that
judgment having been affirmed by the Appellate Court, the
record is brought here by appeal from the judgment of affirm-
ance.

The plaintiff's injury occurred at a point in the city of
Charleston, Coles county, where the track of the defendant's
railroad crosses the sidewalk of one of the streets of the city
in a diagonal direction, the street running east and west, and
the railroad track running from a little north of east to a little
south of west, so as to cross the sidewalk at a sharp angle.

The first count of the declaration alleges, in substance, that
the defendant's track and the track of another railroad were
connected by a switch at a point a few feet south of the side-
walk, so that the movable rails of the switch lay immediately
across the line of the sidewalk; that it was the defendant's
duty to keep its track and switch at the crossing in a reason-
ably safe condition and repair for persons passing along the
sidewalk and across the switch and track; that the plaintiff,
while passing with all due care and diligence along the side-
walk and across the switch and track of the defendant, stepped
his right foot into a hole negligently suffered and permitted
by the defendant to be and remain in the line of the sidewalk,

between the rail of its track and a plank placed by the defendant far enough from the rail to permit the plaintiff's foot to pass between it and the rail into the hole, whereby the plaintiff's foot was caught and held fast, and that a locomotive engine, controlled and operated by the servants of the defendant, was thereupon carelessly and negligently driven by the servants of the defendant over the plaintiff's leg, so held fast as aforesaid, thereby injuring the same so that it had to be amputated. Other counts also charge negligence in failing to ring a bell or sound a whistle.

The evidence tends to show that the plaintiff, who lives about six miles from the city of Charleston, went to the city December 10, 1890, in the morning, and after remaining there during the day, was returning, at about nine o'clock in the evening, to the railway station, to take a train for home. His way to the station lay along the sidewalk in question, and when he was a few steps from the crossing, as he testifies, he looked behind him and saw an engine, which he supposed was moving on the track of the other road. He did not look again to see it until, while walking on, his foot caught in a hole in the sidewalk, between the south rail of the defendant's track and the adjacent plank, and was there held beyond his power to extricate it. The moving engine was in fact on the defendant's tracks, and was one of its engines coming from its shops in charge of two of its employes, acting as engineer and fireman, and was moving towards the crossing at a speed of from four to five miles an hour. According to the plaintiff's testimony, it was without a headlight, and no bell was being rung or other signal given. While the plaintiff's foot was thus held in the hole, the engine run upon him and caused the injury complained of.

It was claimed on the part of the defendant and its evidence tended to prove, that a bell was in fact ringing, and that the engine was moving for some time before it reached the sidewalk so nearly alongside of the plaintiff, that if he had turned

his eyes in a northerly direction, he must have seen it; that he was intoxicated at the time, and that he stepped onto the crossing immediately before the collision, and also that the hole in the sidewalk was so narrow that it was impossible that the plaintiff's foot should have gone into it as claimed by the plaintiff. Upon all these questions, however, the evidence was conflicting.

All contested questions of fact, both as to the negligence of the defendant, and as to the contributory negligence of the plaintiff, are conclusively settled in the plaintiff's favor by the judgment of the Appellate Court. None of them therefore are open for review here. The counsel for the defendant have filed in this court an elaborate brief and argument in which the only proposition contended for by them is, that upon the facts, as disclosed by the record, the plaintiff is not entitled to recover. The principal contest at the trial seems to have been upon the issue as to whether the plaintiff, at the time he was injured, was in the exercise of ordinary care, and the contention now is, that there is an entire absence of proof sustaining the verdict of the jury upon that issue. In this we think counsel are mistaken. The circumstances attending the injury, and the conduct of the plaintiff at and immediately prior to its occurrence are fully disclosed by the testimony. Without expressing any opinion as to the weight or proper effect of such evidence, it is sufficient for us to say, that the conclusion as to the exercise of care by the plaintiff drawn from it by the jury was clearly a conclusion of fact and not of law, and is therefore one which is not open for review in this court.

While expressions may be found in some of the earlier decisions of this court which would seem to justify the position that, where a party approaching a railroad crossing, fails to make proper use of his eyes and ears to ascertain whether a locomotive or train is approaching, may, as a legal conclusion, be pronounced negligent, it will be found that most if not all

expressions of that character were used in cases decided when this court had jurisdiction to review the facts as well as the law, in suits brought to recover damages for personal injuries. But since the organization of the Appellate Courts, this court has been called upon to distinguish more accurately between questions of law which may be reviewed here, and questions of fact as to which the judgments of the Appellate Courts are conclusive, and the rule has now become thoroughly settled, in this court at least, that, with certain exceptions which have no application here, negligence, whether of the plaintiff or defendant, is a question of fact, or at least a mixed question of law and fact, which, when once determined by the Appellate Court, is not reviewable here. That there was some evidence tending to show the exercise of due care by the plaintiff is very clear, and we do not understand the defendant's counsel to deny that such was the case. Under these circumstances, no question as to the contributory negligence of the plaintiff which we are at liberty to consider is presented by the assignments of error.

In the briefs prepared for this court by the counsel for the defendant, no complaint is made of any of the rulings of the Circuit Court at the trial, nor of any of the instructions given to the jury, and we therefore take it for granted that no error based upon such rulings is insisted upon. It is true, in a brief prepared for the Appellate Court and refiled here, some criticisms as to certain rulings of the trial court in giving and refusing instructions are made, but as they are in no way referred to in the elaborate briefs prepared for this court, we may fairly assume that they are abandoned. At any rate, we do not feel called upon, under these circumstances, to discuss the objections urged further than to say, that we have considered them, and fail to find them well founded.

There being no errors in the record subject to review in this court, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*